# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GLEN EDWARD ROGERS,

    Petitioner,

v.                                                          CASE NO. 8:07-CV-1365-T-30TGW

WALTER A. MCNEIL, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's "Motion to Hold Proceedings in Abeyance Pending State Court Ruling on Petitioner's Amended Motion to Vacate Judgments of Conviction and Sentences with Special Request for Leave to Amend" (Dkt. 22), which the Court construes as a motion to stay. Respondent has filed a response in opposition to Petitioner's motion to stay (Dkt. 23).

Petitioner requests that the Court stay his federal habeas petition to allow him to present his claims that a 1999 PET scan shows Petitioner had severe brain damage, and that Petitioner suffers from porphyria[1] to the state courts, and then return to federal court for review of his petition (Dkt. 22 at 2-3).[2] Petitioner asserts that he "is planning to file an amended motion to vacate judgements of conviction and sentences with special request for leave to amend in state

---

[1] Petitioner asserts that "[t]his illness was never properly explored at trial, or during his post-conviction evidentiary hearing." (Dkt. 22 at 2).

[2] Petitioner did not raise these claims in his federal habeas petition (Dkt. 1).

circuit court" and asserts the amended motion "is based on newly discovered evidence." (Id. at 2).[3]

Respondent opposes Petitioner's motion to stay the federal habeas proceedings. Respondent argues that Petitioner's motion to stay should be denied because he has failed to show good cause for failing to exhaust the proposed claims, and has failed to show that the proposed claims are potentially meritorious. Respondent further argues that the results of the 1999 PET scan are not newly discovered evidence, and Petitioner's claim regarding the PET scan would be procedurally barred and lack merit. Respondent also argues that Petitioner has known of his porphyria diagnosis since the time of his trial, and has had the opportunity to litigate the issue throughout the state court proceedings. Finally, Respondent argues that Petitioner is intentionally trying to delay this federal habeas proceeding as Petitioner has not filed a state court post-conviction motion raising these claims, but only states he "plans" to do so.

## Discussion

In *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), the Supreme Court held that a district court has the discretion to grant a stay, and hold in abeyance, a mixed § 2254 petition containing both exhausted and unexhausted claims to allow the petitioner to exhaust the unexhausted claims if the court finds that 1) the petitioner had good cause for failing to exhaust his unexhausted

---

[3]Counsel for Petitioner alleges that the PET scan claim arises from newly discovered evidence because the 1999 PET scan "recently [came] to the attention of counsel." (Dkt. 22 at 2). Also, Petitioner states that a June 24, 2008 article regarding porphyria "in conjunction with additional medical evaluations will serve as newly discovered evidence." (Id. at 2-3).

claims; 2) the unexhausted claims are potentially meritorious and 3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Accord Thompson v. Sec'y for Dept. of Correction*, 425 F.3d 1364, 1365 (11th Cir. 2005). Petitioner does not allege that any of the claims in his petition are unexhausted, and the petition does not appear to contain any unexhausted claims. Therefore, the Court cannot hold Petitioner's petition in abeyance pursuant to *Rhines*.

     To the extent Petitioner bases his request to abate the petition on the ground that he will amend his petition to include the new claims following exhaustion of his state court remedies regarding those claims, Petitioner still fails to show he is entitled to abatement of this action. First, Petitioner has not shown good cause for failing to exhaust the unexhausted claims. Petitioner claims that the 1999 PET scan report is newly discovered evidence because the report "recently [came] to the attention of counsel[.]" (Dkt. 22 at 2). In Florida, "[t]o succeed on a claim of newly discovered evidence, a defendant must meet two requirements: first, the evidence must not have been known by the party or counsel at the time of trial, and the defendant or defense counsel seemingly could not have known of it by the use of due diligence; second, the newly discovered evidence must be of such a type that it would probably produce an acquittal on retrial." *Dailey v. State*, 965 So. 2d 38, 45 (Fla. 2007)(citing *Melton v. State*, 949 So.2d. 994, 1011 (Fla. 2006)). Petitioner was convicted in 1997, and therefore the 1999 PET scan report was unknown and could not have been known at the time of Petitioner's trial. Petitioner, however, clearly would have known in 1999 that he underwent a PET scan in California prior to being sentenced for his capital case in California, and Petitioner's appellate and post-conviction

3

counsel could have known of the report by the use of diligence well in advance of September 28, 2001, when Petitioner filed his Rule 3.850 motion for post-conviction relief in state court, and well in advance of July 18, 2002, when he filed his subsequent Rule 3.851 motion (Dkt. 1 at 2). Fla. R. Crim. P. 3.851(d) provides in pertinent part that:

> [a]ny motion to vacate judgment of conviction and sentence of death shall be filed by the prisoner within 1 year after the judgment and sentence become final...No motion shall be filed or considered pursuant to this rule if filed beyond the time limitation...unless it alleges...the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence...

Fla. R. Crim. P. 3.851(d)(1-2). Petitioner clearly knew or should have known the facts on which his claim was predicated, i.e., the 1999 PET scan report, well before his conviction and sentence became final in 2001, and well before he filed his Rule 3.851 motion in 2002. Accordingly, Petitioner's claim would be time barred in state court, and therefore amendment of his petition to include his claim would be futile because the claim would be procedurally barred.

Likewise, it is apparent that Petitioner and counsel knew in advance of trial of Petitioner's porphyria diagnosis. Petitioner wholly fails to demonstrate that the recent article regarding porphyria would be admissible evidence, or that it would probably produce an acquittal on retrial. Furthermore, Petitioner's claim that "additional medical evaluations will serve as newly discovered evidence" is not a claim that Petitioner has newly discovered evidence, but instead a claim that he wants to obtain further medical evaluations which will hopefully reveal new evidence.

Second, Petitioner fails to establish that the proposed unexhausted claims are potentially meritorious. In his motion to stay, Petitioner has not specified the alleged federal constitutional violations, and therefore this Court is not able to determine whether Petitioner has any unexhausted claims which are potentially meritorious. He does not assert a claim which provides a basis for federal habeas relief. *See, Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(holding that federal habeas relief does not lie for errors of state law).

Accordingly, the Court **ORDERS** that Petitioner's "Motion to Hold Proceedings in Abeyance Pending State Court Ruling on Petitioner's Amended Motion to Vacate Judgments of Conviction and Sentences with Special Request for Leave to Amend" (Dkt. 22), construed as a motion to stay, is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to:
Counsel of Record