# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GLEN EDWARD ROGERS,

    Petitioner,

v.                                                                       CASE NO. 8:07-CV-1365-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **O R D E R**

Before the Court is Mitchell M. Monteverdi's "amicus curiae" Emergency Ex Parte Motion to Seal in which Mr. Monteverdi moves the Court to seal its February 19, 2010 order denying Petitioner's petition for writ of habeas corpus relief (see Dkt. 25) from : "A) the PACER.com public access web site; B) the LexisNexis computerized Law Library and web site; C) the CD-ROM series distributed by LexisNexis for Federal Prison Law Libraries; (D) and any other Public Access." In support of his motion, Mr. Monteverdi asserts that the February 19, 2010 order indicates in pertinent part that he gave a statement to authorities that implicated Petitioner in a conspiracy to frame another inmate for the murder of the victim in Petitioner's case. Mr. Monteverdi, who presently is a federal prisoner, states that because the order indicates that he gave a statement to authorities regarding Petitioner's involvement in a conspiracy, he is in fear for his safety. He states that prisoners access the prison's LexisNexis Law Library system, and have their families access PACER, to obtain

information regarding whether other prisoners were informants or provided assistance to law enforcement, then target those prisoners for attack.

Petitioner was the party who initially raised Mr. Monteverdi's involvement in his case (see Dkt. 1). Moreover, the details of Monteverdi's involvement in Petitioner's case are set forth in the Florida Supreme Court's published opinion in *Rogers v. State*, 957 So. 2d 538 (Fla. 2007). Further, because LexisNexis is not a party to this action, the Court has no personal jurisdiction over LexisNexis. Thus, this Court does not have authority to order LexisNexis to remove this Court's February 19, 2010 order from LexisNexis' systems. *See e.g., Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 59 (2d Cir.1981) ("A court must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him.") (citations omitted).

Accordingly, the Court **ORDERS** that Mr. Monteverdi's "amicus curiae" Emergency Ex Parte Motion to Seal is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
Mitchell M. Monteverdi

2