**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GLEN EDWARD ROGERS,**
    **Petitioner,**

v.                         CASE NO: 8:07-cv-1365-MSS-TGW
                                 **Emergency Capital Case**
                                 **Death Warrant Signed**
                                 **Execution Scheduled for**
                                 **May 15, 2025 at 6:00 p.m.**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS, et al.,**
    **Respondents.**
_____/

## CCRC'S MOTION TO WITHDRAW AS COUNSEL – EMERGENCY

COMES NOW, the Law Office of the Capital Collateral Regional Counsel for the Middle Region of Florida (hereinafter "CCRC"),[1] in response to this Court's order, (Doc. 45), and moves this Court for an order authorizing its withdrawal from representation of Petitioner, Glen Edward Rogers, in his federal proceedings and appointing new conflict-free federal counsel. This is an emergency or time-sensitive pleading under Local Rule 3.01(e) because Rogers faces imminent execution. Rogers requests conflict-free federal counsel to litigate any federal proceedings under his death warrant. Rogers respectfully requests a ruling by Friday, May 9, 2025. As outlined below, CCRC cannot provide conflict-free representation to Rogers.

---

[1] The Court's docket has Rogers's counsel as James V. Viggiano, Jr. Attorney Viggiano is no longer with CCRC and has retired. Undersigned Assistant CCRCs are Rogers's current counsel and from the same office.

## **BACKGROUND**

Rogers is a prisoner currently under a sentence of death in the State of Florida incarcerated at Florida State Prison, 23916 NW 83rd Avenue, Raiford Florida 32083. He is scheduled to be executed on May 15, 2025, at 6:00 pm. CCRC just litigated Rogers's state court proceedings before the Supreme Court of Florida. Specifically, CCRC was appealing the denial of Rogers's successive Fla. R. Crim. P. 3.851 motion.[2] The Florida Supreme Court denied relief on May 8, 2025. See *Rogers v. State of Florida*, No. SC2025-0585 (Fla. May 8, 2025).

## **State Proceedings**

Rogers was convicted of first-degree murder, armed robbery, and auto theft on May 9, 1997. The trial court sentenced him to death on July 11, 1997. The Florida Supreme Court affirmed. *See Rogers v. State*, 783 So. 2d 980 (Fla. 2001). Rogers, represented by CCRC, began state postconviction proceedings on September 28, 2001. His postconviction motion was denied. The Florida Supreme Court affirmed the denial and denied his state habeas petition in 2007. *See Rogers v. State*, 957 So. 2d 538 (Fla. 2007). Rogers, through CCRC, has unsuccessfully sought successive postconviction relief in state court on a range of issues. *See Rogers v. State*, 97 So. 3d 824 (Fla. 2012); *see Rogers v. State*, 235 So. 3d 306 (Fla. 2018); *see Rogers v. State*, 327 So. 3d 784 (Fla. 2021), and *Rogers v. State of Florida*, No. SC2025-0585 (Fla. May 8, 2025).

---

[2] Defendant's Successive Motion to Vacate Judgment of Conviction and Sentence of Death, and for CCRC-Middle to Withdraw, for the Appointment of Conflict-Fee Counsel was filed on April 20, 2025, before the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County. On April 25, 2025, the state court denied the motion.

**<u>Federal Habeas Proceedings</u>**

On August 3, 2007, Rogers, again represented by CCRC, filed a Petition for Writ of Habeas Corpus in this Court. This Court denied the petition on February 19, 2010. Both this Court and the Eleventh Circuit Court of Appeals denied a certificate of appealability. The United States Supreme Court denied a petition for writ of certiorari on January 10, 2011. Rogers filed an Application for Leave to File a Second or Successive Habeas Corpus Petition pursuant to 28 U.S.C. § 2244(b), which was denied by the Eleventh Circuit on September 6, 2012.

**<u>Federal 42 U.S.C. § 1983 Proceedings</u>**

On August 15, 2022, represented by Attorney Charles Daniel Sikes, Rogers filed an Amended Verified Complaint Pursuant to 42 U.S.C. § 1983 for Declaratory Judgment, Nominal Damages, Injunctive Relief, and Writ of Mandamus against the Honorable Carlos G. Muñiz, in his official capacity as the Chief Justice of the Florida Supreme Court. *See Sweet, et al. v. Muniz*, No. 3:22-cv-00574, Doc. 19 (M.D. Fla. August 15, 2022). This lawsuit challenges, *inter alia*, the failure of the Florida Supreme Court to establish procedures to review the performance of CCRC to provide "quality representation." Specifically, Rogers claimed he had attempted to raise issues regarding the alleged failures of CCRC to timely file appropriate motions and provide quality representation. The District Court dismissed the complaint on August 15, 2023. After a timely appeal to the Eleventh Circuit, the court affirmed the dismissal on March 26, 2025.

**Death Warrant Proceedings**

On April 15, 2025, the Governor of Florida signed Rogers' death warrant, setting the execution for May 15, 2025. On April 17, 2025, CCRC made an *ore tenus* motion to withdraw and for appointment of conflict-free counsel in the state postconviction court, which was denied during the hearing. That ruling was memorialized in an April 21, 2025 written order. On April 20, 2025, CCRC filed a successive postconviction motion, and again moved for CCRC to withdraw, and that conflict-free counsel be appointed to Rogers in the state postconviction court. Argument was heard on April 22, 2025, and the court again denied the request in a written order on April 25, 2025. The Florida Supreme Court denied relief on Friday May 8, 2025. See *Rogers v. State of Florida*, No. SC2025-0585 (Fla. May 8, 2025). On May 2, 2025, Rogers filed a pro se motion for the appointment of conflict-free counsel in this Court. (Doc. 41). The State filed its response in opposition to Rogers's motion on May 5, 2025. (Doc. 43). On May 6, 2025, this Court issued an order deferring a ruling on Rogers's motion, and directed CCRC to immediately notify this Court, once the Florida Supreme Court issued a decision on Rogers's appellate brief under warrant. (Doc. 45). CCRC responds by offering firm support for Rogers's pro se request for conflict-free counsel. (Doc. 41).

**A<small>RGUMENT IN</small> S<small>UPPORT</small>**

Rogers and federal counsel CCRC have an irreconcilable conflict of interest. Rogers has been pursuing 42 U.S.C. § 1983 claims regarding alleged defects in Florida's postconviction process, in which he has argued CCRC has failed to timely

4

file appropriate motions and has failed to provide quality representation. Rogers also faults CCRC for failing to raise certain claims due to incompetence. Rogers wants to pursue claims in state and federal court based on or relating to the competence, actions, and supervision of CCRC. Rogers is entitled to pursue such claims and/or procedural defenses with his life in the balance. However, CCRC cannot litigate any claims or procedural defenses relating to the quality of its representation because they create an obvious and active conflict of interest.

CCRC is currently federal § 2254 counsel for Rogers. Under 18 U.S.C. § 3599(e), CCRC has a statutory obligation to "represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and proceedings," unless replaced by "similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." The United States Supreme Court has recognized that the measures in § 3599 "'reflec[t] a determination that quality legal representation is necessary' in all capital proceedings to foster 'fundamental fairness in the imposition of the death penalty.'" *Martel v. Clair*, 565 U.S. 648, 659 (2012) (quoting *McFarland v. Scott*, 512 U.S. 849, 859 (1994)). This Court may, in the "interests of justice," substitute one appointed counsel for another at any stage of the proceedings, including when there is a breakdown of communication between attorney and client and/or a

5

conflict of interest.[3] *Id.*; *cf.* 18 U.S.C. § 3006A. The interests of justice require that CCRC be discharged as counsel and conflict-free federal counsel appointed.

CCRC has a conflict of interest because CCRC and Rogers disagree about the claims Rogers should pursue in state and federal proceedings, in particular, Rogers seeks to raise claims and/or procedural defenses based on the past performance of CCRC counsel. Additionally, Rogers continues to engage in outside litigation surrounding the quality of CCRC's representation. Given the seriousness of this matter, the extent of the conflict, and the penalty Rogers is facing imminently, the interests of justice require substitution of counsel.

It is CCRC's understanding that counsel for Rogers in the 42 U.S.C.A § 1983 proceeding, Charles Daniel Sikes, is in the process of filing an amended complaint while he awaits the mandate from the Eleventh Circuit Court of Appeals. He intends to continue to litigate whether CCRC provided quality and competent representation which questions the ethics and ability of CCRC to be Rogers's counsel. Although the Eleventh Circuit affirmed the dismissal of the previous complaint, the courts did not disregard the merits; Rogers was denied relief based on standing, lack of jurisdiction, and sovereign immunity for past damages. *See Sweet v. Chief Justice of Florida Supreme Court*, No. 23-13025, 2025 WL 915740,

---

[3] In *Martel*, the state argued that under § 3599, the court can only replace an appointed lawyer when the defendant has suffered an "actual or constructive denial" of counsel. Specifically, the state argued that standard only applies in three situations: "when the lawyer lacks the qualifications necessary for appointment under the statute; when he has a 'disabling conflict of interest;' or when he has 'completely abandoned' the client." 565 U.S. at 658. The United States Supreme Court soundly rejected this argument. *Id.* ("On this matter, we think Clair, not the State, gets it right."). Thus, the "interests of justice" standard neither requires a "disabling" conflict nor the requirement that appointed counsel "actively represent[] conflict interests."

at *4 (11th Cir. Mar. 26, 2025).

CCRC cannot represent Rogers in light of his prior and active litigation in challenging CCRC's ability to represent his interests. Rogers's challenge of CCRC's representation in federal court and his desire to raise claims and defenses regarding the quality of CCRC's representation in state court, would require CCRC to take adverse positions to Rogers. CCRC, as a whole, cannot zealously represent Rogers while he is attacking the professionalism of the office. CCRC is unable to conduct an unbiased investigation into its own conduct and provide zealous representation on any issue that may implicate the reputation, skill, and professionalism of the office. Rogers and CCRC fundamentally disagree about the nature of the claims to be raised and attempts to ameliorate this breakdown have failed.

Moreover, CCRC has an ethical responsibility to withdraw from Rogers's case under Rule 4-1.7 of the Rules Regulating the Florida Bar. Rule 4-1.7 (a)(2) provides in relevant part that a lawyer must not represent a client if "there is a substantial risk that the representation of [that client] will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." The comment to the foregoing rule states as follows:

> Loyalty to a client is also impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client. Subdivision (a)(2) addresses such situations. A possible

> conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved.

Fla. State Bar Rule 4-1.7.

Moreover, under Rule 4-1.6 (b)(2) of the Rules Regulating the Florida Bar, a lawyer may withdraw from representing a client if "the client insists upon taking action that the lawyer considers repugnant, imprudent, or *with which the lawyer has a fundamental disagreement.*" Rogers seeks to raise claims for postconviction relief that CCRC has a fundamental disagreement with and has declined to pursue. Such claims include the litigation regarding a prior PET scan, and the way some specific issues were litigated. Rogers also alleges that CCRC did not "timely" raise certain claims, which implies that CCRC is responsible for a procedural bar. CCRC has an adverse viewpoint towards Rogers's assertions and is in a defensive position to Rogers's allegations.

This court should permit CCRC to withdraw and appoint conflict-free counsel to assess the viability of further federal proceedings in this case, particularly under warrant. The interests of justice favor permitting Rogers to litigate for his life with the assistance of conflict-free counsel. Rogers also has the right to challenge precedent regarding his postconviction representation.

A substitution of conflict-free counsel should be granted for Rogers in the "interests of justice." *Christeson v. Roper*, 574 U.S. 373, 377 (2015). Importantly,

8

*Christenson* at 378 also cites *Maples v. Thomas*, 565 U.S. 266, 285-86, n. 8 (2012), "significant conflict of interest" arises when an attorney's "interest in avoiding damage to [his] own reputation" is at odds with his client's "strongest argument— *i.e.,* that his attorneys had abandoned him." CCRC is in the position of avoiding damage to our own representation because our position is at odds with Rogers's litigation strategy under his death warrant. Rogers's federal due process rights are violated, because as Florida provides a system for the appointment of postconviction counsel, the system must provide due process. *See Skinner v. Switzer*, 562 U.S. 521, 531-34 (2011) - finding a due process violation for Skinner, based on Texas not providing a challenge to DNA testing under 42 U.S.C. § 1983. Because Rogers is permitted postconviction counsel pursuant to Florida law, arbitrary interferences with his ability to access the courts with conflict-free counsel violates Rogers's due process rights.

### **R**ELIEF **S**OUGHT

This Court's expedited intervention is paramount to ensure conflict-free counsel for Rogers, before the State of Florida executes him. For the foregoing reasons, the Court should grant CCRC's motion to withdraw and appoint conflict-free counsel in his federal actions. Rogers requests that new federal counsel, such as the Capital Habeas Unit for the Middle District of Florida, be appointed under 18 U.S.C. § 3599(a)(2)(e). Rogers also respectfully requests that this Court issue a stay of proceedings, so the matter can be properly resolved with the appointment of qualified, conflict-free counsel to consult with Rogers and review his record.

## **LOCAL RULE 2.02(C)(1)(B)(I) CERTIFICATION**

Undersigned counsel certifies that Rogers consents to this withdrawal.

## **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for the Respondents opposes this motion.

Respectfully submitted,

| | |
|---|---|
| /s/ Ali A. Shakoor | /s/ Adrienne Joy Shepherd |
| Ali A. Shakoor | Adrienne Joy Shepherd |
| Florida Bar No. 0669830 | Florida Bar No. 1000532 |
| Assistant CCRC | Assistant CCRC |
| Email: shakoor@ccmr.state.fl.us | Email: shepherd@ccmr.state.fl.us |
| Secondary: support@ccmr.state.fl.us | Secondary: support@ccmr.state.fl.us |

Office of the Capital Collateral Regional Counsel - Middle Region
12973 North Telecom Parkway, Temple Terrace, Florida 33637
Phone: (813) 558-1600; Fax: (813) 558-1601

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th of May, 2025, the foregoing has been filed with the Clerk of the United States Court of Appeals in and for the Middle District of Florida, Tampa Division, by using the CM/ECF system, which will send notice of electronic filing to counsel for the Respondents.

Respectfully submitted,

| | |
|---|---|
| /s/ Ali A. Shakoor | /s/ Adrienne Joy Shepherd |
| Ali A. Shakoor | Adrienne Joy Shepherd |
| Florida Bar No. 0669830 | Florida Bar No. 1000532 |
| Assistant CCRC | Assistant CCRC |
| Email: shakoor@ccmr.state.fl.us | Email: shepherd@ccmr.state.fl.us |
| Secondary: support@ccmr.state.fl.us | Secondary: support@ccmr.state.fl.us |

Office of the Capital Collateral Regional Counsel - Middle Region
12973 North Telecom Parkway, Temple Terrace, Florida 33637
Phone: (813) 558-1600; Fax: (813) 558-1601